# United States Navy–Marine Corps Court of Criminal Appeals

––––––––––––––––––––

**UNITED STATES**
Appellee

**v.**

**Joseph M. VICTRELLI**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 201900075**

Appeal from the United States Navy-Marine Corps Trial Judiciary.

Decided: 13 May 2019.

Military Judge:
Colonel Glen R. Hines, USMC.

Sentence adjudged 19 December 2018 by a special court-martial convened at Marine Corps Air Station Cherry Point, North Carolina, consisting of a military judge sitting alone. Sentence approved by convening authority: reduction to E-1, confinement for 60 days, and a bad-conduct discharge.

For Appellant:
*Lieutenant Colonel Lee C. Kindlon, USMCR.*

For Appellee:
*Brian K. Keller, Esq.*

––––––––––––––––––––

**This opinion does not serve as binding precedent under NMCCA Rule of Appellate Procedure 30.2(a).**

––––––––––––––––––––

Before HUTCHISON, TANG, and ATTANASIO,
*Appellate Military Judges.*

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866.

However, we note that the court-martial order (CMO) does not accurately reflect the disposition of the offenses to which the appellant entered pleas of not guilty. The CMO lists the disposition as "Dismissed without prejudice." The trial counsel moved to "withdraw the offenses to which the [appellant] pled not guilty . . . without prejudice to ripen into prejudice upon completion of appellate review." Record at 48. The trial counsel's motion was incorrect. It is the dismissal of specifications, not the withdrawal of specifications, that is done with or without prejudice. Pursuant to the pretrial agreement, those specifications were to be withdrawn after the military judge accepted the appellant's pleas of guilty and they were to be subsequently "dismissed without prejudice, to ripen into prejudice upon completion of appellate review in which the findings and sentence have been upheld." Appellate Exhibit VI at 5.

As a result of this CMO error, the record does not properly reflect that the appellant may not be retried for the three specifications to which he entered pleas of not guilty. If allowed to persist, this error could result in prejudice to the appellant. The appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, the supplemental CMO shall reflect that the government withdrew Charge I and its sole Specification and Specifications 2 and 3 of Charge III before the military judge announced findings and that those specifications were dismissed without prejudice when the military judge announced the sentence, to ripen into prejudice upon completion of appellate review. The findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

2